DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **STEPHANIE MCINTOSH-LUIS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NELSON PETTY, Individually and in his** )<br>**official capacity as Commissioner of the** )<br>**Government of the Virgin Islands Department** )<br>**of Public Works, DAYNA CLENDINEN,** )<br>**Individually and in her official capacity as** )<br>**Director of the Government of the Virgin Islands** )<br>**Division of Personnel, RUBEN JENNINGS,** )<br>**Individually and in his official capacity as** )<br>**Assistant Commissioner of Administrative** )<br>**Services of the Government of the Virgin** )<br>**Islands Department of Public Works, TESSA** )<br>**HART, Individually and in her official capacity** )<br>**as Director of Administrative Services of the** )<br>**Government of the Virgin Islands Department** )<br>**of Public Works, and RONALD HALL,** )<br>**Individually and in his official capacity as** )<br>**Assistant Director of Administrative Services** )<br>**of the Government of the Virgin Islands** )<br>**Department of Public Works,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2020-0023 |

**Appearances:**
**Stephanie McIntosh-Luis,** *Pro Se*
St. Croix, U.S.V.I.

**Venetia H. Velazquez, Esq.**
St. Croix, U.S.V.I.
 *For Defendants Commissioner Nelson Petty, Jr.,*
 *Dayna Clendinen, Tessa Hart, Ruben Jennings,*
 *and Ronald Hall*

## MEMORANDUM OPINION

**Lewis, District Judge**

  THIS MATTER comes before the Court on Defendants Tessa Hart ("Hart"), Rueben Jennings ("Jennings"), Ronald Hall ("Hall"), Nelson Petty ("Petty") and Dayna Clendinen's

("Clendinen") "Motion to Dismiss" (Dkt. No. 44), Defendants' Memorandum in support thereof (Dkt. No. 45), and *pro se* Plaintiff Stephanie Luis-McIntosh's Response thereto. (Dkt. No. 55).

For the reasons that follow, the Court will grant Defendants' Motion to Dismiss. As to Defendants Petty and Clendinen in their individual capacities, the Court will dismiss Plaintiff's Amended Complaint for insufficient service of process, due to Plaintiff's repeated failure to serve Defendants Petty and Clendinen. As to the official capacity Defendants and Defendants Hart, Jennings, and Hall in their individual capacities, the Court will dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND

On May 7, 2020, Plaintiff filed her initial Complaint alleging violations of the First, Fifth, and Fourteenth Amendments in connection with her January 31, 2020 termination from the Department of Public Works of the Virgin Islands Government ("Government"). (Dkt. No. 1).

On July 13, 2020, Plaintiff sent a letter to the Court (Dkt. No. 13), which the Court construed as a motion requesting "that the Court enter default judgment." (Dkt. No. 14 at 1). On December 8, 2020, the Court denied Plaintiff's motion because it did not satisfy the requirements of Federal Rule of Civil Procedure 55. *Id.* at 1-2. On July 25, 2022, Plaintiff then filed an application for entry of default and a motion for default judgment. (Dkt. Nos. 21, 22). On August 15, 2022, Magistrate Judge Emile A. Henderson III denied Plaintiff's application for entry of default because Plaintiff's service of Defendants by certified mail did not constitute proper service under Virgin Islands Rule of Civil Procedure 4(i)(3) and Federal Rule of Civil Procedure 4(e). (Dkt. No. 23 at 3). In his Order, Magistrate Judge Henderson granted Plaintiff up to and including October 3, 2022 to effect proper service on Defendants. *Id.* at 4.

On December 9, 2022, Plaintiff, once again, moved for entry of default. (Dkt. No. 33). On February 2, 2023, Magistrate Judge Henderson again denied Plaintiff's motion for entry of default because, despite having served many of the Defendants individually, Plaintiff still had not effectuated service on the Government. (Dkt. No. 35 at 3-4). Magistrate Judge Henderson additionally found that Plaintiff's service on Defendants Clendenin and Petty was ineffective:

> Plaintiff's service on Clendenin and Petty also fails to comport with Rule 4(e) of the Virgin Islands Rules of Civil Procedure. In Petty's case, the server 'personally served' Petty by service on his secretary. Dkt. No. 28. That is not personal service. In Clendenin's case, the server left the summons with a senior support specialist. Dkt. No. 27. Plaintiff did not file any proof that this person is a lawfully authorized agent to receive service of process.

*Id.* at 4 n.4. Finally, recognizing that the case was, at that time, "over two years old," Magistrate Judge Henderson provided Plaintiff "a final opportunity to properly serve Defendants." *Id.* at 4-5 (granting Plaintiff "up to and including March 3, 2023 to effect proper service on the Defendants"). Magistrate Judge Henderson also noted that "[i]n her Complaint, Plaintiff did not specify in what capacity she was suing Petty and Clendenin." *Id*. at 3 n.2.

On March 3, 2023, Plaintiff filed her Amended Complaint clarifying that Defendants Petty and Clendenin were being sued in both their official and individual capacities. (Dkt. No. 38).[1] Plaintiff's Amended Complaint provides that federal question jurisdiction is the basis for the Court's subject matter jurisdiction. (Dkt. No. 38-1 at 1). The Amended Complaint asserts claims under the First, Fifth, and Fourteenth Amendments in connection with Plaintiff's January 31, 2020 termination from her Government employment and seeks damages and injunctive relief under the

---

[1] Plaintiff's Amended Complaint did not comply with Local Rule of Civil Procedure 15.1, which provides in pertinent part, that "[e]xcept as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions . . . ." LRCi 15.1. While the Court will excuse Plaintiff's failure to comply with Local Rule 15.1 in filing her Amended Complaint, the Court expects compliance with the Local Rule for any future amendments.

3

Fair Labor Standards Act of 1938 ("FLSA"). (Dkt. No. 38). After filing her Amended Complaint, Plaintiff then filed proofs of service for acting Attorney General Carol Jacobs and Governor Albert Bryan. (Dkt. Nos. 40, 42). Plaintiff also filed Affidavits of Service for the September 2022 service of Defendants Clendenin and Petty, which Magistrate Judge Henderson had previously determined was defective. (Dkt. Nos. 39, 41).

On April 3, 2023, Defendants filed the instant Motion to Dismiss. (Dkt. No. 44). In their Memorandum in support thereof, Defendants argue that service remains ineffective as to Defendants Clendenin and Petty in their individual capacities; the Court lacks subject matter jurisdiction because Plaintiff's Amended Complaint does not raise a federal question; Defendants have qualified immunity as to Plaintiff's claims; Plaintiff's Amended Complaint fails to state a claim against Defendants; and some of Plaintiff's claims regarding her suspension and wrongful termination are barred by *res judicata* and issue preclusion, respectively. (Dkt. No. 45).

On February 13, 2024, Plaintiff filed a response to Defendants' Motion to Dismiss, wherein Plaintiff "affirm[s] the timely and proper serving of the defendants . . . on September 21, 2022;" attaches as exhibits Summons and Affidavits of Service from her September 2022 service of Defendants; and requests that the Court deny Defendants' Motion. (Dkt. No. 55). Plaintiff does not explain why the attached exhibits demonstrate that service was proper as to Defendants Clendenin and Petty, or respond to Defendants' other arguments. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

### A. Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. The party responsible for service bears the burden of proving that service was proper. *See Sims v. City of Phila*, 552 F. App'x 175, 177 (3d Cir. 2014) (citing *Grand*

*Entm't Grp., Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 488 (3d Cir. 1993)). Service of the summons and complaint must be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a plaintiff fails to serve a defendant within those 90 days, a court may extend the time for service upon a showing of good cause. *Id*.; *see Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts Inc*., 71 F.3d 1086, 1097 (3d Cir. 1995) (internal citations and quotations omitted). Even in the absence of a showing of good cause, a court "may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli*, 46 F.3d at 1305.

### B. Subject Matter Jurisdiction

Under 28 U.S.C. § 1331, a district court "has federal-question jurisdiction in a case where a plaintiff makes a nonfrivolous allegation that he or she is entitled to relief under the U.S. Constitution or a federal statute." *Bizzarro v. First Nat'l Bank*, 804 F. App'x 190, 190 (3d Cir. 2020). Where a *pro se* plaintiff brings constitutional claims against government officials, his or her failure to cite to 42 U.S.C. § 1983 does not necessarily deprive the Court of federal question jurisdiction. *Davis v. Potter*, 2024 U.S. Dist. LEXIS 58664, at *12 (D.V.I. Mar. 30, 2024).

### C. Qualified Immunity

"[T]he qualified-immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Independence Twp*., 463 F.3d 285, 291 (3d Cir. 2006). "The Third Circuit has clearly held that 'qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint.'" *Bethea*

5

*v. Roizman*, 2012 U.S. Dist. LEXIS 89093, at *39 (D.N.J. June 27, 2012) (quoting *Thomas*, 463 F.3d at 291). Where "it is unclear how Plaintiffs' claims relate to the individual Defendants and Plaintiffs will have an opportunity to amend their Complaint," the Court may defer ruling on questions of qualified immunity. *Memphis St. Acad. Charter Sch. at J.P. Jones v. Sch. Dist. of Phila.*, 2022 U.S. Dist. LEXIS 215315, at *27 (E.D. Pa. Nov. 29, 2022); *see also Bethea*, 2012 U.S. Dist. LEXIS 89093 at *39 (denying without prejudice a motion to dismiss based on qualified immunity because the defendants' entitlement to qualified immunity was not established on the face of the complaint); *Kirwin v. Kot*, 2024 U.S. Dist. LEXIS 36960, at *22 (D. Ariz. Mar. 1, 2024) ("On the face of the Complaint, the Court cannot determine whether [the defendant] is entitled to qualified immunity").

### D. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As stated in *Connelly v. Lane Construction Corp.*, the Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further, the district court must accept "all reasonable inferences that can be drawn from [well-pleaded factual allegations] after construing them in the light most favorable to the nonmovant." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 66 (3d Cir. 2017) (internal citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boseman*, 680 F. App'x. at 67 (3d Cir. 2017) (internal citation and quotation omitted).

### E. Section 1983 Claims

"A plaintiff seeking relief pursuant to 42 U.S.C. § 1983 must prove 'two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Tobal v. V.I. Police Dep't*, 2022 U.S. Dist. LEXIS 6767, at *32-33 (D.V.I. Jan. 13, 2022) (quoting *Washington v. Hanshaw*, 552 F. App'x 169, 171 (3d Cir. 2014)). As to the first element, "[t]he Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Id.* (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010)); *see also Ngiraingas v. Sanchez*, 495 U.S. 182, 192, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990) ("Congress did not intend to include Territories as persons who would be liable under § 1983"). "While a plaintiff aggrieved at some

7

governmental action may not name the Virgin Islands as a defendant in a § 1983 case . . . a plaintiff may sue an officer in his official capacity for prospective relief only from unconstitutional state policies, customs, or practices." *Martinez v. Francois*, 2014 U.S. Dist. LEXIS 182899, at *27 (D.V.I. July 3, 2014); *see also Wheatley v. Mapp*, 2016 U.S. Dist. LEXIS 35806, at *12 (D.V.I. Mar. 21, 2016) ("Similarly, officers of a territory acting in their official capacities are not persons under Section 1983, except to the extent that the plaintiff seeks prospective injunctive relief").

As to the second element of a Section 1983 claim, "[i]n reviewing the conduct of executive officials, only conduct that 'shocks the conscience' rises to the level of a substantive due process violation." *Whittaker v. County of Lawrence*, 437 F. App'x. 105, 108 (3d Cir. 2011) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). While "some violations of state law may 'shock the conscience[,]' this [] does not mean that every violation of state law is 'constitutionalized' through the application of the substantive due process clause." *Id.* at 108-109. "In other words, a state official's failure to follow state law does not, by itself, shock the conscience in the absence of additional facts." *Id.* at 109.

  **F. FLSA Claims**

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation omitted). Such claims are, however, "for work performed." *Id.* "Congress [also] included in the FLSA an antiretaliation provision (at Section 15(a)(3)) to encourage employees to assert their rights without fear of economic retaliation [which] might often operate to induce aggrieved employees to quietly accept substandard conditions." *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 269 (3d Cir. 2022) (internal quotation omitted). The FLSA "does not create a cause of action for wrongful termination separate and apart from [the anti-retaliation]

provision." *Bigbie v. EOG Res., Inc.*, 2020 U.S. Dist. LEXIS 109660, at *7 (N.D. Tex. May 27, 2020).

### III. DISCUSSION

#### A. Insufficient Service of Process as to Defendants Petty and Clendinen in their Individual Capacities

In their Motion to Dismiss, Defendants argue that Defendants Petty and Clendinen have not been properly served in their individual capacities because they have not been served in compliance with Federal Rule of Civil Procedure 4(e). (Dkt. No. 45 at 7); Fed. R. Civ. Proc. 4(e). As noted earlier, Magistrate Judge Henderson previously examined Plaintiff's September 2022 attempts to serve Petty and Clendinen and found that those attempts at service were defective. (Dkt. No. 35 at 3-4).[2]

Since September 2022, Plaintiff has not attempted to re-serve Petty or Clendinen. Instead, Plaintiff has filed Affidavits of Service expounding on her September 2022 attempts at service. *See* (Dkt. Nos. 55-4, 55-5). Those Affidavits of Service, however, merely reaffirm the factual grounds underlying Magistrate Judge Henderson's prior finding that neither Petty nor Clendinen was properly served—that service was made only on Petty's secretary and a senior support specialist who had been gathering Clendinen's mail in his absence. *See* (Dkt. Nos. 55-4 at 2, 4, 55-

---

[2] Here, Federal Rule of Civil Procedure 4(e) may be satisfied by service consistent with either the Virgin Islands Rules of Civil Procedure or the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1). In this regard, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, service may be made via the methods of service listed in Federal Rule of Civil Procedure 4(e)(2)(A-C). Fed. R. Civ. P. 4(e)(2) ("(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."). Magistrate Judge Henderson found that Plaintiff's September 2022 attempts at service did not satisfy either Rule. (Dkt. No. 35 at 3-4).

9

5 at 3). Plaintiff's service of Petty and Clendinen, thus, remains improper. *See* (Dkt. No. 35 at 3-4).

While the Court has discretion to extend the time for service of process, the Court does not find that yet another extension to serve Defendants Petty and Clendinen individually is warranted under the circumstances here. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Plaintiff filed her original Complaint on May 7, 2020. (Dkt. No. 1). The Federal Rules of Civil Procedure provided Plaintiff ninety days to serve Defendants. Fed. R. Civ. P. 4(m). Plaintiff has already twice failed to properly serve Defendants and has twice been given an extension of time to do so. (Dkt. Nos. 23, 35). In his February 2, 2023 Order, Magistrate Judge Henderson specifically identified the defects in Plaintiff's September 2022 attempts to serve Defendants Petty and Clendinen individually and advised Plaintiff that her extension of time to March 3, 2023 would be her "final opportunity to properly serve the Defendants." (Dkt. No. 35 at 4 and n.4). However, instead of attempting to correct the defects, Plaintiff simply maintained the status quo as to Petty and Clendinen. While Plaintiff is proceeding *pro se*, she has repeatedly delayed in prosecuting this matter[3] and now offers no explanation for her failure to re-serve Petty and Clendinen in the over seventeen months that have passed since Magistrate Judge Henderson's February 2, 2023 Order.

In view of the foregoing, the Court will not extend the time for service of process, and will dismiss Plaintiff's claims against Defendants Petty and Clendinen in their individual capacities for insufficient service of process.

---

[3] Plaintiff took no action in this matter from December 8, 2020 to July 25, 2022, *see e.g.*, (Dkt. No. 35 at 2) (discussing Magistrate Judge Cannon's Show Cause Order for failure to prosecute), and did not respond to Defendants' April 3, 2023 Motion to Dismiss until February 13, 2024.

### B. The Court's Subject Matter Jurisdiction

Plaintiff's Amended Complaint asserts that federal question jurisdiction is the basis for the Court's subject matter jurisdiction in this matter. (Dkt. No. 38-1 at 1).[4] Defendants first argue that the Court lacks subject matter jurisdiction because "Plaintiff has not brought her action pursuant to Section 1983, nor any other applicable law. Her constitutional claims are, therefore, not properly before the Court." (Dkt. No. 45 at 9). Plaintiff, however, plainly states that her causes of action are under the First, Fifth, and Fourteenth Amendments. (Dkt. No. 38 at 2). Plaintiff also claims relief under the FLSA. *Id.* at 7. Plaintiff's failure to cite to Section 1983 does not deprive the Court of subject matter jurisdiction. *See Davis*, 2024 U.S. Dist. LEXIS 58664, at *12 (finding federal question jurisdiction over the *pro se* plaintiff's constitutional claims despite the plaintiff's failure to cite to Section 1983). Further, the Court has federal question jurisdiction over suits brought under the FLSA. *See e.g.*, *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 381 n.7 (3d Cir. 2022). Thus, the Court rejects Defendants' argument that this matter is subject to dismissal for lack of subject matter jurisdiction.[5]

---

[4] While Defendants assert that "[i]n her Amended Complaint, Plaintiff failed to identify a basis for federal jurisdiction," Plaintiff's civil cover sheet attached to her Amended Complaint identifies federal question jurisdiction as the basis for federal jurisdiction. *Compare* (Dkt. No. 45 at 9) with (Dkt. No. 38-1 at 1).

[5] Defendants also argue that the Court lacks subject matter jurisdiction because Plaintiff does not state a claim against them under Section 1983 or the FLSA. (Dkt. No. 45 at 9-10). This is, however, not a jurisdictional argument. *See Bizzarro*, 804 F. App'x at 190 (requiring only a nonfrivolous allegation for purposes of jurisdiction). The Court will therefore consider Defendants' arguments as to the alleged deficiencies of Plaintiff's federal claims under Federal Rule of Civil Procedure 12(b)(6), pursuant to which Defendants also move.

11

### C. Applicability of Qualified Immunity

Defendants argue that they have qualified immunity as to Plaintiff's claims. In support of their Rule 12(b)(6) arguments, however, Defendants argue that there are no substantive factual allegations that Plaintiff alleges as to each individual Defendant. (Dkt. No. 45 at 10-11). As to this latter argument, the Court agrees.

The crux of this case is Plaintiff's claim that she was wrongfully terminated. However, Plaintiff has not alleged which Defendant(s), if any, terminated Plaintiff. Plaintiff has also not alleged on what basis she was allegedly wrongfully terminated.[6] Accordingly, the factual record before the Court is not sufficient for the Court to determine whether Defendants, or a subset thereof, are entitled to qualified immunity as it relates to Plaintiff's claims. *Memphis St. Acad.*, 2022 U.S. Dist. LEXIS 215315, at *27; *see also Kirwin*, 2024 U.S. Dist. LEXIS 36960, at *22 ("On the face of the Complaint, the Court cannot determine whether [Defendant] is entitled to qualified immunity"). Therefore, the Court cannot properly assess Defendants' qualified immunity arguments at this time. *See Bethea*, 2012 U.S. Dist. LEXIS 89093 at *39 ("[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint").

### D. Challenges for Failure to State a Claim

#### 1. Claims Arising from March 2019 Suspension

As an initial matter, Defendants argue that "to the extent Plaintiff is now attempting to claim a cause of action arising from her March 2019 suspension and charge of insubordination,

---

[6] While Defendants reference that Plaintiff has filed discrimination claims related to her suspension and termination in two matters before the Public Employees Relations Board, (Dkt. No. 45 at 2-3), the Court notes that Plaintiff has not pleaded, in this case, that her termination was the result of discrimination.

she is estopped from doing so, under the doctrine of claim preclusion, or res judicata, where she entered into a settlement agreement with the Government resolving those issues." (Dkt. No. 45 at 12). The Court, however, does not read Plaintiff's Amended Complaint as asserting claims arising from her March 2019 suspension. Plaintiff's description of damages is expressly limited to "after defendants provided wrongful termination documents to Plaintiff on January 21, 2020." (Dkt. No. 38 at 7). The Court, thus, views Plaintiff's discussion of her March 2019 suspension, which was alleged to have been resolved via settlement, as simply factual background to Plaintiff's claims concerning her subsequent termination. (Dkt. No. 38 at 6). Accordingly, the Court does not consider whether the settlement agreement bars Plaintiff from asserting claims based on her March 2019 suspension because the Court has determined that claims arising from the March 2019 suspension are not before the Court.

### 2. Viability of Section 1983 Claims

#### a. Official Capacity Defendants

As discussed above, the Court construes Plaintiff's Amended Complaint as raising constitutional claims under Section 1983. Defendants argue that the Section 1983 claims brought against them in their official capacities must be dismissed because Virgin Islands Government employees sued in their official capacities are not persons within the meaning of the statute. (Dkt. No. 45 at 9). The Court agrees with Defendants that Plaintiff's Section 1983 claims must be dismissed as to the official capacity Defendants.

"The Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Tobal*, 2022 U.S. Dist. LEXIS 6767, at *32-33. Section 1983 claims may be brought against a Virgin Islands "officer in his [or her] official capacity for prospective relief only from unconstitutional state policies, customs, or

practices." *Martinez*, 2014 U.S. Dist. LEXIS 182899, at *27. While Plaintiff seeks prospective injunctive relief, Plaintiff has not alleged on what basis she was terminated, much less that she was terminated pursuant to an unconstitutional policy, custom, or practice. Accordingly, the Court will dismiss Plaintiff's Section 1983 claims against the official capacity Defendants.

### b. Individual Capacity Defendants

Defendants argue that "a 1983 claim against the individual defendants is not cognizable under the facts as alleged in the Amended Complaint." (Dkt. No. 45 at 10). The Court agrees with Defendants that Plaintiff has failed to allege facts specific to any individual capacity Defendant regarding her termination.

Plaintiff makes three allegations regarding her termination. First, Plaintiff alleges that, on January 8, 2020, she was called into a meeting with Defendants Hart, Hall, and Jennings and non-party Jomo McClean,[7] during which she was "wrongfully" accused of not "meeting [the] standard of her position." (Dkt. No. 38 at 6). It is unclear from Plaintiff's Amended Complaint who made the alleged accusation at the January 8 meeting; the specifics of what Plaintiff was accused of; why Plaintiff alleges that the accusation was "wrongful;" and how the alleged "wrongful" accusation related to Plaintiff's termination. *Id.*

Second, Plaintiff alleges that, on January 10, 2020, she "received a letter stating the charges stated in the January 8, [2020] meeting." *Id.* Plaintiff then alleges that she responded to "their January 8, 2020 letter[,] [o]utlining all of the wrongful accusations and false statements." *Id.* At no point, however, does Plaintiff identify who authored or sent the letter, or to whom the word

---

[7] Plaintiff alleges in her Amended Complaint that Jomo McClean was initially her supervisor, but that a dispute arose as to whether McClean, as a contract employee, could be her supervisor. (Dkt. No. 38 at 4). It is unclear from Plaintiff's Amended Complaint who Plaintiff alleges was in fact her supervisor. *Id.*

14

"their" refers. Further, while Plaintiff alleges to have outlined the wrongful accusations and false statements in her response to the letter, she does not do so in her Amended Complaint, nor does she describe a connection between the letter she received on January 10, 2020 and her termination.

Third, Plaintiff alleges that, on January 31, 2020, she received a termination letter. *Id.* Plaintiff, however, does not state who authored or sent her the termination letter. Plaintiff also does not allege who had the authority to terminate her or who in fact terminated her. Moreover, Plaintiff does not allege that, but for the allegedly wrongful accusations and false statements made at the January 8, 2020 meeting and stated in the letter she received on January 10, 2020, she would not have been terminated.

In view of the foregoing, the Court finds that there is not sufficient factual information alleged in the Amended Complaint from which one can plausibly conclude that Plaintiff is entitled to relief under Section 1983 against any of the individual Defendants. Plaintiff's Section 1983 claims will therefore be dismissed.

### E.  Viability of FLSA Claims

Defendants next argue that Plaintiff does not state a claim under the FLSA. The Court agrees. While Plaintiff does not specifically list any of her three Counts as falling under the FLSA, Plaintiff cites the FLSA in the damages and injunctive relief sections of her Amended Complaint. Specifically, Plaintiff appears to request benefits and backpay denied to her under the FLSA as a result of her alleged wrongful termination. The FLSA, however, "does not create a cause of action for wrongful termination separate and apart from [the anti-retaliation] provision." *Bigbie*, 2020 U.S. Dist. LEXIS 109660, at *7. Plaintiff does not allege that her termination was retaliatory in nature. Accordingly, Plaintiff's Amended Complaint fails to state a claim under the FLSA.

### F. Applicability of Issue Preclusion

Defendants finally argue that issue preclusion bars Plaintiff's due process wrongful termination claim. (Dkt. No. 45 at 13-14). Specifically, Defendants assert that, in order to state a claim, Plaintiff would need to establish that she had a property interest in her continued employment, but that issue has already been resolved by an administrative tribunal. *Id.*

The Court has already determined that, on its face, Plaintiff's Amended Complaint does not allege sufficient facts to state a claim against any Defendant. Therefore, the Court does not reach the applicability of issue preclusion.

### IV. CONCLUSION

In view of the foregoing, the Court grants Defendants' Motion to Dismiss. Specifically, the claims against Defendants Petty and Clendinen in their individual capacities will be dismissed without prejudice for insufficient service of process; the claims against Defendants Hart, Jennings, and Hall in their individual capacities will be dismissed without prejudice for failure to state a claim; and the claims against Defendants in their official capacities will be dismissed without prejudice for failure to state a claim. In so ruling, the Court does not reach the merits of Defendants' qualified immunity and issue preclusion arguments. The Court will grant Plaintiff thirty days to amend her Amended Complaint to address the deficiencies identified herein.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 29, 2024                    _____/s/_____
                                        WILMA A. LEWIS
                                        District Judge