## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

STEPHANIE MCINTOSH-LUIS,        )
                          )
        **Plaintiff,**          )       **Civil Action No. 2020-0023**
                          )
        **v.**                     )
                          )
**COMMISSIONER NELSON PETTY, JR.,**   )
**DAYNA CLENDINEN, TESSA HART,**    )
**RUBEN JENNINGS, and RONALD HALL,**  )
                          )
        **Defendants.**        )
                          )

**Appearances:**
**Stephanie McIntosh-Luis**
    *Pro Se*

**Venetia H. Velazquez, Esq.**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Stephanie McIntosh-Luis's ("Plaintiff") failure to file a second amended complaint pursuant to the Court's July 29, 2024 Order (Dkt. No. 56) and the Court's August 29, 2024 Order (Dkt. No. 60). The Court's July 29, 2024 Order (Dkt. No. 56) dismissed without prejudice Plaintiff's claims for failure to state a claim and granted Plaintiff up to and including August 28, 2024 within which to amend her Amended Complaint to address the deficiencies identified in the Court's accompanying Memorandum Opinion (Dkt. No. 57). Plaintiff did not file a second amended complaint by the August 28, 2024 deadline. On August 29, 2024, the Court then granted Plaintiff up to and including September 18, 2024 within which to file a second amended complaint and ordered that Plaintiff's failure to timely respond to its August 29, 2024 Order may result in the dismissal of this case with prejudice for

failure to prosecute.  (Dkt. No. 60).  Again, Plaintiff did not file a second amended complaint by the September 18, 2024 deadline.

Courts may dismiss a case for lack of prosecution under their "inherent power" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (also affirming the District Court's dismissal of the case for failure to prosecute "pursuant to Rule 41(b)" of the Federal Rules of Civil Procedure).  "[O]rdinarily, District Courts must consider various factors [as set forth in *Poulis v. State Farm Fire & Cas. Co.*] before dismissing an action on that basis." *Elansari v. Altria*, 799 F. App'x 107, 108 (3d Cir. 2020) (citing *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008)); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).  However, "a district court need not balance the *Poulis* factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling." *R&C Oilfield Servs. LLC*, 45 F.4th at 661.  For example, when a district court initially dismissed a plaintiff's complaint without prejudice on the merits and "notified [the plaintiff] that the action was subject to dismissal if [they] did not file an amended complaint," then "the effect of the District Court's subsequent dismissal for failure to prosecute [is] simply to render final its previous dismissal for failure to state a claim." *Elansari*, 799 F. App'x at 108.

Here, the Court dismissed Plaintiff's claims, without prejudice, for failure to state a claim and ordered that Plaintiff "shall have up to and including August 28, 2024 within which to amend her Amended Complaint." (Dkt. No. 56 at 2).  That deadline having passed without a filing from Plaintiff, the Court then gave Plaintiff another opportunity to respond by ordering that "Plaintiff shall have up to and including September 18, 2024 within which to file a second amended complaint," and additionally warning that "Plaintiff's failure to timely respond to this Order may

result in the dismissal of this case with prejudice for failure to prosecute." (Dkt. No. 60). Thus, as with the plaintiff in *Elansari*, this court will "render final its previous dismissal for failure to state a claim" following Plaintiff's failure to file a second amended complaint despite being given two deadlines to do so. 799 F. App'x at 108; *see also R&C Oilfield Servs. LLC*, 45 F.4th at 661 ("A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible."). Accordingly, the Court will dismiss with prejudice the instant case for failure to prosecute.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** for failure to prosecute; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED.**

**SO ORDERED**.

Date: February 10, 2026                    _____/s/_____
                                            WILMA A. LEWIS
                                            Senior District Judge